IN THE UNITED STATES DITRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOIL & ROUX KITCHEN, LLC** | **CIVIL ACTION NO.:** |
| **VERSUS** | |
| **EAST BATON ROUGE OFFICE OF ALCOHOL BEVERAGE CONTROL, EAST BATON ROUGE PARISH** | |

## COMPLAINT

NOW INTO THE COURT COMES, **BOIL & ROUX KITCHEN, LLC (**hereinafter "Boil & Roux"), through undersigned counsel, Jack K. Whitehead Jr., avers as follows against the Defendants East Baton Rouge Parish Government ("Hereinafter EBR") and the East Baton Rouge Office of Alcohol Beverage Control ("hereinafter EBR-ABC") as follows:

1.

This action seeks relief from the Defendants for violations under the Equal Protections Clause of the 14th Amendment which placed an unconstitutional burden on the Plaintiff through unequal enforcement of Parish and Municipal ordinances.

2.

The Plaintiff seeks further relief for violations of their Due Process right under the 14th amendment by being deprived of property without the opportunity to present reasons why the proposed action should not be taken. When juxtaposed with the controlling Louisiana Alcoholic Beverage Control Law. Frankly EBR and EBR-ABC are overreaching.

3.

This action arises under the Fourteenth Amendment to the United States Constitution under Sections 1651, 2201, and 2202 of Title 28 and under Sections 1981, 1983. 1985 and 1988 of Title 42 of the United States Code and under the Louisiana Alcoholic Beverage Control Law Sec. 106.

## Jurisdiction and Venue

4.

This Honorable Court has jurisdiction over the subject matter of this action under Sections 1331, 1343(a)(3) and (4), and 1367 of Title 28 of the United States Code because this action arises under the Constitution and laws of the United States and because it is brought to redress the deprivation of the Plaintiff's Constitutional rights and to secure equitable relief under a Federal Civil Rights statute.

5.

This Honorable Court has pendant jurisdiction over Louisiana State Law Claims under Section 1367 of Title 28 of the United States Code arising out of the facts and circumstances as plead herein because the matters form part of the same case and controversy.

6.

Venue is proper in this District under Section 1391(b)(1) and (2) of Title 28 of the United States Code because a substantial part of the events and omissions giving rise to this action occurred within the Middle District of Louisiana.

# Parties

7.

The Plaintiff Boil & Roux is a limited liability company domiciled in the state of Louisiana doing business in East Baton Rouge Parish. Since December 2014, Boil and Roux has operated as a restaurant at 11777 Coursey Blvd in East Baton Rouge Parish. The business model is successful as the Restaurant has developed an outside patio area where it is very popular on weekends. Boil and Roux's patrons are generally, African Americans.

8.

Defendants East Baton Rouge Office of Alcohol Beverage Control (hereinafter "EBR-ABC") is an administrative agency of East Baton Rouge Parish created under Chapter 3 of Title 26 in the Louisiana Revised Statutes. whose purpose is to regulate and enforce the sale of beverages with alcohol. The Agency is limited in scope to the provisions of the Louisiana Alcoholic Beverage Control Law. The act in pertinent part states "No permit shall be withheld, suspended, or revoked except for causes specified in this Chapter." See La. R.S. 26:94. Defendant East Baton Rouge EBR-ABC has been using municipal building codes and other codes not related to the business of selling alcohol as a means of revoking alcohol permits by means that are not approved by the Alcoholic Beverage Control Law.

9.

As such they have caused actual damages to the business by reducing sales and imposing unlawful fines. Further their selective enforcement is a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. By singling out the Plaintiff they have denied them the same protections afforded to other businesses.

10.

Defendant East Baton Rouge Parish is a Louisiana Municipal Corporation with a home rule unit of local government operating under the Constitution and law of the State of Louisiana. As such it operates, *inter alia,* as an enforcement agency through their agents in the Department of Development/Permit Inspection, the Parish Attorney's Office, and the EBR-ABC. This Parish has orchestrated a combined effort to sabotage the business of the Plaintiff.

**Factual Background**

11.

A residential neighborhood with predominantly white residents (Lake Sherwood) is located immediately behind Boil and Roux. Other businesses of a more office/retail setting are also about the Coursey Blvd Corridor.

12

Under the Boil and Roux model, high volume dining and night life, the Petitioner enploys plenty of security (off duty City Police Officers) which are on site for crowd and traffic control to ensure orderly behavior and safety of the patrons.

13.

Starting in January 2022, Plaintiffs were subjected to unequal enforcement of local Parish ordinances, zoning, and building codes in regard to an outdoor patio that was originally being installed with a valid permit from the East Baton Rouge Parish before construction ceased due to financing issues.

14.

Other similar businesses were not subjected to these heightened building requirements or incessant enforcement of noise ordinances. Not less than a quarter mile away El Paso, a Tex-Mex Restaurant (with an outdoor patio area), where there is also a large apartment complex next door has not been cited for any similar violations.

15.

Boil and Roux always engaged in conversations with their businesses neighbor's, wherein Boil and Roux has always sought permission to use their parking areas in the evening hours. If a neighboring business does not want Boil and Roux customers to park in their lot, Boil and Roux places "no parking signs."

16.

About 60 days before May 5th, 2023, (Cinco de Mayo) Boil and Roux sought a special event permit to allow a "larger party to occur". The East Baton Rouge Parish Ordinances direct that the Metro Council Member for that District must approve the permit. The application for the permit went unanswered for weeks, not until legal counsel became involved.

17.

The Metro Council is comprised of 12 members. Petitioner believes and has been informed that some members of the Metro Council are not involved whatsoever with the Parish Alcohol Control Board. Despite the lackadaisical approach by most Council members, Council woman Amoroso has taken proactive measures against the Petitioner.

18.

The Cinco de Mayo special event permit application was ignored until Boil and Roux retained Counsel. Movement began the Monday before May 5th when officials from EBR-ABC and the Parish Attorney met with Boil and Roux at their business location.

19.

Instead of addressing the permit request, the conversations turned to the uncompleted items from the November 2021 business expansion or the outdoor patio.[1]

20.

To address the concerns of the Parish again, Boil and Roux began the construction process with its design professional.

21.

Due to the length of cessation of prior work, Boil and Roux was required to resubmit the plans for approval with some updated modifications. The revised Plan included additional food preparation inside a "Sea Can."

22.

The Special Events permit was granted at the 11th hour with a limited time frame.

23.

Like many small businesses, cash flow was an issue that slowed the renovations to a crawl. Petitioner received violations from various East Baton Rouge Parish Offices in November of 2021 and January 2022. Petitioner paid the violations.[2]

---

[1] See attached Exhibit A.
[2] In November of 2021, Petitioner was granted a Permit to complete the outdoor patio. A copy of the permit and plans are attached as Exhibit A.

24.

In early 2023 Petitioner was informed that due to the cessation of construction for a period of greater than 180 days, a new permit for construction would need to be submitted.

25.

In May 2023, the week of Cinco de Mayo, Petitioner received citations from the EBR-ABC commission for the Municipal codes:[3]

       a. 9:1013(3) – consumption of alcohol in a parking lot.
       b. 9:1014.7 – failure to cooperate with an enforcement officer.
       c. 9:1013.6 – operating a business without a health permit.
       d. 9:1010(A)(1) – failure to maintain all building and zoning codes.

26.

Petitioner was notified that it's liquor license/alcohol permit was suspended and pending a hearing, could be revoked. A hearing was set for May 25th, 2023, at 4:30pm.

27.

The unlawful suspension of the Petitioners alcohol permit is the source of this litigation.

## Federal Claims

Count I Violation of Due Process

28.

Plaintiff reasserts the allegations contained in paragraphs 1 through 27 of this complaint as if fully restated in this Count 1.

---

[3] See attached Exbibit B.

29.

The police powers vested in the State of Louisiana are exercised through It's Legislature, which may delegate that Authority to Political Subdivisions. In an exercise of this power, the Legislature sought to regulate the sale of alcohol by passing the Alcoholic Beverage Control Law (La. R.S. Tit. 26 Ch. 1).

30.

The Legislature further delegated the authority to enforce Chapter 1 of Title 26 to local municipalities under Chapter 3 of Title 26. Therein the East Baton Rouge Alcoholic Beverage Control Board has the authority to enforce and control the issuance of alcohol permits in the Parish of East Baton Rouge. Only limited to the provisions in compliance of the State statutes included in Title 26.

31.

On May 5, 2023, the EBR-ABC conducted an inspection of the premises of Boil and Roux and cited them for the violations in paragraph 21, namely:

  a. 9:1013(3) – consumption of alcohol in a parking lot.
  b. 9:1014.7 – failure to cooperate with an enforcement officer.
  c. 9:1013.6 – operating a business without a health permit.
  d. 9:1010(A)(1) – failure to maintain all building and zoning codes.

32.

After citing Boil and Roux, the Parish of East Baton Rouge suspended the alcohol permit of the petitioner.

33.

La. R.S. 26:93 sets forth the procedure for suspension or revocation of permits. Therein, if a party is cited, they are to receive a verbal warning unless the citation is sufficiently severe.

The municipal officer who cites the business is to file a petition with the EBR-ABC and provide a summons to the permittee to appear and show cause why his permit should not be suspended.

34.

EBR-ABC unilaterally suspended the Petitioners alcohol permit without a hearing.

35.

Petitioner was summoned to the EBR-ABC board on May 25th, 2023, to plead as to why his license should not be permanently revoked.

36.

The EBR-ABC did not place the petitioner on the agenda, and refused to let the petitioners counsel speak and essentially allowed the unlawful suspension to continue.

37.

The Petitioner is currently without a date within which he may appear before the board to appeal his suspension.

38.

Petitioner's 14th amendment Due Process Right violated, and it been deprived it's property by the Municipality, and the Municipality did not afford him adequate procedural rights before depriving him of this protected interest.

39.

The United States 5th Circuit has recognized that permits on valid property rights protected under the 5th and 14th Amendments. See *Bowlby v. City of Aberdeen, Miss.,* 681 F.3d 215 (5th Cir. 2012).

40.

As such the Petitioner seeks judicial relief from the Denial of Due Process and the reinstatement of his alcohol permit.

Count II Equal Protection Clause

41.

Plaintiff reasserts the allegations contained in paragraphs 1 through 40 of this complaint as if fully restated in this Count 2.

42.

Petitioner has spoken with various businesses on Coursey Blvd, including the Tex-Mex restaurant "El-Paso" which has a similar patio with similar design and has concluded that other similarly situated businesses that have similar code violations which are not being enforced and are not being used to suspend their alcohol permits.

43.

In the weeks preceding the inspection by the EBR-ABC board, a Baton Rouge Council member Denise Amoroso attended an EBR-ABC board meeting to specifically complain of the Petitioners business.

44.

The encouragement of the Council member to enforce measures against Boil and Roux undoubtably precipitated the events leading to unequal enforcement of Municipal Ordinances.

45.

The Equal Protection Clause requires that the government treat all similarly situated people alike. *Barstad v. Murray County*, 420 F.3d 880, 884 (8th Cir. 2005). "The purpose of the

equal protection clause of the Fourteenth Amendment is to secure every person within the state's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Sioux City Bridge Co. v. Dakota Cty., Neb.*, 260 U.S. 441 (1923). The Fourteenth Amendment "simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10, 112 S. Ct. 2326, 120 L.Ed.2d 1 (1992).

46.

The Equal Protection Clause protects not only large groups, but also a "'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562 (2000). The threshold inquiry for an equal protection claim brought by a class-of-one "is whether plaintiffs are similarly situated to others who allegedly received preferential treatment." *ChemSol, LLC v. City of Sibley, Iowa*, 386 F. Supp. 3d 1000, 1025 (2019) "Thus, when it appears that an individual is being singled out by the government, the specter of arbitrary classification is fairly raised and the Equal Protection Clause requires a 'rational basis for the difference in treatment.'" *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 602, 128 S. Ct. 2146, 2153, 170 L. Ed. 2d 975 (2008). To establish a class-of-one equal protection violation a plaintiff need only show that "in light of preexisting law, the unlawfulness of the conduct at issue was apparent." *Mathers v. Wright*, 636 F.3d 396, 401-02 (8th Cir. 2011).

47.

Therein the Petitioner alleges that Boil and Roux has been singled out by a Baton Rouge Council member and the various Offices of East Baton Rouge have been used in concert to shut down the business of the petitioner for unlawful reasons.

# State Claims

## Count III: Preemption of State Law

48.

Plaintiff reasserts the allegations contained in paragraphs 1 through 47 of this complaint as if fully restated in this Count 3.

49.

The Municipal ordinances are unlawful as it violates Article VI Section 7(a) of the Louisiana State Constitution of 1974, because it is unauthorized and inconsistent with the laws of this State, Specifically La. R.S. 26:90, 26:91, 26:285, 26:296.

50.

The Supreme Court has clarified preemption of municipal law in *Palermo Land Co., Inc. & Browning Ferris, Inc. v. Planning Commission of Calcasieu Parish & The Police Jury of Calcasieu Parish et al.*, 561 So.2d 482 (La.1990), stating:

> Local power is not pre-empted unless it was the clear and manifest purpose of the legislature to do so, or the exercise of dual authority is repugnant to a legislative objective; if there is no express provision mandating pre-emption, the courts will determine the legislative intent by examining the pervasiveness of the state regulatory scheme, the need for state uniformity, and the danger of conflict between the enforcement of local laws and the administration of the state program.

51.

The legislature has made their will clear as to what constitutes an offense necessary to revoke an alcohol permit. See La. R.S. 26:94 which states:

> **"no permit shall be withheld, suspended or revoked except for causes specified in this Chapter."**

52.

None of the below citations given by the Municipality are considered grounds for suspension or revocation of an alcohol permit under La. R.S. Tit. 26.

    a. 9:1013(3) – consumption of alcohol in a parking lot.
    b. 9:1014.7 – failure to cooperate with an enforcement officer.
    c. 9:1013.6 – operating a business without a health permit.
    d. 9:1010(A)(1) – failure to maintain all building and zoning codes.

19.

All offenses that may result in suspension or revocation are found in La. R.S. 26:90, 26:91, 26:285, 26:296.

**WHEREFORE** the Petitioner, Boil and Roux, respectfully prays this Court:

A. To issue a Temporary Restraining Order. Petitioner has filed alongside this brief a motion for a TRO pursuant to a hearing for a preliminary injunction, to reinstate the Petitioners alcohol permit and prevent permanent revocation by the Defendants.

B. Petitioner prays for lost profits and wages paid during the unlawful suspension of the Petitioners license.

C. Grant to the Plaintiff against the Defendants such other relief as this Court may deem just and proper under the circumstances.

**Respectfully Submitted by:**

**Whitehead Law Firm**

**By: /s/ Jack K. Whitehead, Jr.**
**JACK K. WHITEHEAD, JR. (17863)**
**JOHN-ED L. BISHOP (31622)**
**11909 Bricksome Ave., Suite W-3**
**Baton Rouge, LA 70816**
**Telephone: (225) 303-8600**
**Facsimile: (225) 303-0013**
**teamwhitehead@whitehead-law.com**
**Counsel for The Boil & Roux Kitchen, LLC**

# IN THE UNITED STATES DITRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THE BOIL & ROUX KITCHEN, LLC | CIVIL ACTION NO.: |
| VERSUS | |
| EAST BATON ROUGE OFFICE OF ALCOHOL BEVERAGE CONTROL, EAST BATON ROUGE PARISH | |

## VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF EAST BATON ROUGE**

    **BEFORE ME,** undersigned Notary Public duly commissioned and qualified in the State and Parish aforesaid, personally came and appeared

### MAURICE WALKER

a person of the full age of majority and resident domiciliary of the Parish of East Baton Rouge, State of Louisiana, who, after being duly sworn, did depose and state that he is the Registered Agent of The Boil & Roux Kitchen, LLC, who is the Complainant in the above and foregoing ng Complaint and Motion for Temporary Restraining Order, that he has read same, and that all of the facts therein are true and correct to the best of his knowledge, information, and belief.

_____
**Maurice Walker, Affiant**

**SWORN TO AND SUBSCRIBED** before me this 26th day of May, 2023, at Baton Rouge, Louisiana.

_____
JACK K. WHITEHEAD, JR.
Notary Public