UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THE BOIL & ROUX KITCHEN, LLC | CIVIL ACTION |
| VERSUS | 23-409-SDD-EWD |
| EAST BATON ROUGE OFFICE<br>OF ALCOHOL BEVERAGE CONTROL AND<br>EAST BATON ROUGE PARISH GOVERNMENT | |

## RULING

This matter is before the Court on the Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction[1] filed by Plaintiff, The Boil & Roux Kitchen, LLC ("Plaintiff"). Defendants, East Baton Rouge Office of Alcohol Beverage Control and East Baton Rouge Parish Government ("Defendants") have yet to be served or appear in this action.

Plaintiff is a limited liability company domiciled in the state of Louisiana, doing business in East Baton Rouge Parish. Plaintiff has operated a restaurant since December 2014.[2] Plaintiff contends generally that Defendants suspended its alcohol permit without Due Process of law, in retaliation for its First Amendment Free Speech, and in violation of the Equal Protection Clause of the United States Constitution.

Plaintiff seeks a TRO pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure. Rule 65(b)(1) states that a court "may issue a temporary restraining order

---

[1] Rec. Doc. 2.
[2] Rec. Doc. 4, ¶ 7.

1

without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Upon review of Plaintiff's Motion and original and First Amended Complaints, the Court denies Plaintiff's Motion for TRO because the pleadings are devoid of any factually supported allegations of any immediate or irreparable injury, loss, or damage that may result before the parties may be heard on a preliminary injunction. Plaintiff has not alleged any specific facts clearly showing any imminent threat posed by the alleged harm, nor has Plaintiff alleged facts showing any irreparable injury that could only be avoided if this Court were to step in at this juncture before a hearing on a preliminary injunction.

Plaintiff makes the conclusory allegation of irreparable injury in the form of "loss of profits and reputational damage."[3] No irreparable injury exists where money damages can adequately compensate a plaintiff.[4] Although a business's loss of customers and damage to its goodwill *may* be recognized as injuries "incapable of ascertainment" in monetary terms and thus *may* be irreparable, the current record does not warrant such a finding.[5] "Simply arguing that a company is losing customers and goodwill without showing that monetary damages are inadequate is insufficient to establish irreparable harm as required for injunctive relief."[6] For the consideration of a TRO, Plaintiff has failed

---

[3] Rec. Doc. 3, ¶ 3.
[4] *See Spiegel v. City of Houston,* 636 F.2d 997, 1001 (5th Cir.1981); *Parks v. Dunlop,* 517 F.2d 785, 787 (5th Cir.1975).
[5] *Innovative Manpower Sols., LLC v. Ironman Staffing, LLC*, 929 F.Supp.2d 597, 620 (W.D. La. 2013).
[6] *Johnson Controls, Inc. v. Guidry*, 724 F.Supp.2d 612, 626–27 (W.D. La. 2010).

to satisfy the extraordinary burden of demonstrating that any potential injury suffered by Plaintiff—including its going out of business—could not be calculated and recompensated in the form of money damages.[7]

Accordingly, for the reasons set forth above, Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction is DENIED in part and DEFERRED in part. The Motion for TRO is DENIED; the Motion for a Preliminary Injunction is DEFERRED. The Court will set a telephone status conference by separate notice to discuss briefing deadlines and a hearing on the Motion for Preliminary Injunction.

Baton Rouge, Louisiana, this 31st day of May, 2023.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[7] *DFW Metro Line Servs. v. Sw. Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir.1990) (holding preliminary injunction was properly denied where plaintiff DFW did not show that special circumstances would make money damages inadequate should DFW prevail in an adjudication of this case on the merits. "The district court correctly observed that, because any potential injury suffered by DFW (including its going out of business) could be calculated and recompensed in the form of damages, DFW did not prove a likelihood of irreparable injury.")